USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                    :
SREERAM MALLIKARJUN,                                                :
                                                                    :
                                        Plaintiff,                  :            1:25-cv-4045-GHW
                                                                    :
                  -v-                                               :        MEMORANDUM OPINION &
                                                                    :                ORDER
THE TRAVELERS HOME AND MARINE                                       :
INSURANCE,                                                          :
                                                                    :
                                        Defendant.                  :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

In April 2023, Plaintiff Sreeram Mallikarjun was traveling in India when his apartment in New York City flooded.  From India, Mr. Mallikarjun contacted his insurance agent to report the flooding, explain that he was currently in India, and to provide permission for Defendant The Travelers Home and Marine Insurance ("Travelers") to enter his apartment.  Following his return to New York City, Mr. Mallikarjun attempted to file a claim with Travelers, but, he alleges, Travelers negligently "lost" his insurance policy and intentionally delayed processing his claim.  Nearly two years after his apartment flooded, Travelers disclaimed coverage, prompting this lawsuit.

Mr. Mallikarjun's initial complaint alleged that Travelers had wrongfully denied coverage for damage caused by the flood and sought recovery under the insurance policy for remediation and repair costs.  The parties were in the midst of discovery when Mr. Mallikarjun filed his first amended complaint, asserting a stretch of causes of action under both state and federal law.  Travelers moved to dismiss all of those claims—except for Mr. Mallikarjun's original breach of contract claim seeking damages to restore his apartment.  On February 25, 2026, the Court granted Defendant's motion to dismiss in its entirety—dismissing Mr. Mallikarjun's claims under 31 U.S.C. § 313, 15 U.S.C. § 8221, 15 U.S.C. § 13, and 15 U.S.C. § 14, with prejudice and without leave to amend.  The Court granted

Mr. Mallikarjun limited leave to amend with respect to his negligence claim to allege additional facts to support the conclusion that Travelers owed him, and breached, a duty distinct from its contractual obligations under the Policy.  And the Court specifically directed Mr. Mallikarjun that he could not add any new claims to any amended complaint without prior leave from the Court.

Following the Court's decision, Mr. Mallikarjun filed his second amended complaint—which largely ignores his negligence claim.  And, despite the Court's prior order instructing Mr. Mallikarjun that he may not add any new claims without first obtaining prior leave from the Court to do so, he now asserts additional claims for declaratory relief, breach of the implied covenant of good faith and fair dealing, "bad faith" generally, and intentional infliction of emotional distress, and seeks attorney's fees and punitive damages.  Travelers again moved to dismiss all of these claims—except for Mr. Mallikarjun's original breach of contract claim seeking damages to restore his apartment— pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because Mr. Mallikarjun fails to adequately allege a claim against Travelers with respect to all of his new causes of action, and because Mr. Mallikarjun has failed to allege any new facts with respect to his negligence claim to adequately plead that Travelers owed him a duty independent of its obligation under the insurance policy, Defendant's motion to dismiss is GRANTED.

## II.    BACKGROUND[1]

In 2022, Mr. Mallikarjun purchased a homeowners insurance policy (the "Policy") from Travelers to insure his apartment at 350 West 42nd Street in New York City against physical losses or damage. *See generally* Dkt. No. 57-2, Ex. B.  The Policy provides coverage for certain physical damage to Mr. Mallikarjun's apartment, including losses resulting from "accidental discharge or overflow of water or steam." *Id.* at 5 (emphasis omitted).  Under the terms of the Policy, Mr. Mallikarjun is the sole "Named Insured" and Apple Slice Homes LLC—Mr. Mallikarjun's real estate business which he was partially operating out of his apartment—is the sole named "Additional Insured."[2] *Id.* at 1–2 (identifying Apple Slice Home's address as Mr. Mallikarjun's apartment address).  Other than Mr. Mallikarjun himself and his real estate business, no other entities or individuals are named as either insureds or additional insureds under the Policy. *See id.*

In April 2023, Mr. Mallikarjun was traveling in India.  SAC ¶ 10.  On April 21, 2023, while Mr. Mallikarjun was in India, maintenance personnel for his building notified him that water was leaking from one of the units above his apartment.  FAC ¶ 7; SAC ¶ 10.  Because he was not in the

---

[1]    The facts relevant to this motion are drawn from Plaintiff's Second Amended Complaint, Dkt. No. 49 ("SAC"), together with Plaintiff's prior complaints, Dkt. No. 24 ("FAC"); Dkt. No. 12 ("Compl."), and Plaintiff's opposition to Defendant's motion to dismiss, Dkt. No. 59 ("Opp'n"), and are accepted as true for the purposes of this motion. *See, e.g.*, *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).  However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  When the plaintiff is *pro se*, however, some courts "will consider facts from the [p]laintiff's [previous complaint] that have not been repeated in the [amended complaint]." *Washington v. Westchester Cnty. Dep't of Corr.*, No. 13-cv-5322, 2015 WL 408941, at *1 n.1 (S.D.N.Y. Jan. 30, 2015) (citations omitted); *see also, e.g.*, *Little v. City of New York*, No. 13-cv-3813, 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014) ("The plaintiff . . . appears to believe that the Amended Complaint supplements, rather than replaces, the Original Complaint. Because the plaintiff is proceeding pro se, the Court will consider the Original Complaint and the Amended Complaint together as the operative pleading."); *Collins v. Goord*, 438 F. Supp. 2d 399, 403 & n.1 (S.D.N.Y. 2006) (deeming factual allegations contained in pro se plaintiff's brief to "supplement" his pleading); *Camarano v. City of New York*, 624 F. Supp. 1144, 1147–48 (S.D.N.Y. 1986) ("Apparently viewing the amended complaint as supplemental, [plaintiff] did not repeat in his later filing the allegations set forth in the original complaint. . . . Since *pro se* civil rights complaints should be read with generosity, [plaintiff's] complaint must be given the benefit of incorporation." (internal quotation marks and citation omitted)).  Here, given Mr. Mallikarjun's *pro se* status, the Court will consider factual allegations made by Mr. Mallikarjun in his initial complaint, *see generally* Compl., his first amended complaint, *see generally* FAC, and in his opposition to Defendant's motion to dismiss, *see generally* Opp'n.

[2] Apple Slice Homes LLC is not a plaintiff in this case.

country, Mr. Mallikarjun gave them permission to enter, inspect, and perform any necessary remediation in his absence. SAC ¶ 10. Mr. Mallikarjun was told that his apartment was "flooded" and that the damage was "extensive." FAC ¶ 9.

Mr. Mallikarjun alleges that around May 3, 2023, he first contacted Travelers to report the flooding and to provide Travelers permission to enter the apartment to perform an inspection in his absence at "anytime." FAC ¶ 2. But Travelers allegedly responded to Mr. Mallikarjun's phone calls and emails by claiming that it "couldn't find the policy." SAC ¶¶ 14–16. Travelers allegedly "deliberately delayed" processing Mr. Mallikarjun's claim; advising him that "some errors" resulting from "dated computer software" required corrections to be made to the Policy before his claim could be processed—a process that took months. Compl. ¶ 13; FAC ¶ 14. And, despite Mr. Mallikarjun's express permission and repeated follow-up phone calls, Travelers allegedly "failed to take any action to inspect the premises." FAC ¶ 13.

In June 2023, the Policy was reformed and retroactively reinstated to the date of initial issuance. SAC ¶¶ 4, 18–20. Hopeful that his apartment could now be remediated given that the Policy had undergone reformation to correct any errors, Mr. Mallikarjun returned to New York City. SAC ¶ 18; FAC ¶ 16. Months passed, during which time, the units above his apartment were fully remediated. Compl. ¶ 17. Because he had not received any updates regarding his claim, Mr. Mallikarjun contacted Travelers sometime around December 3, 2024 to little avail. *Id.* ¶ 18. More months passed. FAC ¶¶ 22–25. Ultimately—after not receiving any response from Travelers—on April 21, 2025, Mr. Mallikarjun first filed this action in the New York Supreme Court, County of New York. Dkt. No. 1-1. Travelers removed the action to this Court on May 14, 2025. Dkt. No. 1.

In the midst of discovery, Mr. Mallikarjun filed the FAC, asserting a variety of new causes of action under federal and state law. *See generally* FAC. On October 1, 2025, Travelers filed a motion to dismiss Mr. Mallikarjun's FAC in its entirety—except with respect to his original breach of

4

contract claim seeking damages under the Policy to repair his apartment—pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* Dkt. No. 30. And while Defendant's first motion to dismiss was pending, Plaintiff alleges he uncovered additional damage to his apartment that was unknown to him at the time of the filing of his initial complaint. SAC ¶¶ 52–58.

On February 25, 2026, the Court granted Defendant's motion to dismiss in its entirety. Dkt. No. 34 ("Op."). As relevant here, the Court dismissed Plaintiff's negligence claim without prejudice because he had not adequately pleaded that Travelers owed him an independent duty distinct from its contractual obligations under the Policy. *Id.* at 10. The Court granted Plaintiff leave to file an amended complaint "only to add new facts that will correct deficiencies identified with respect to his claims for negligence." *Id.* at 17–18. And the Court directed Plaintiff "that he cannot add any new claims to any amended complaint without prior leave from the Court." *Id.* at 18.

On April 22, 2026, Plaintiff filed his SAC—the operative complaint. *See generally* SAC. In his SAC, the only allegation Plaintiff makes with respect to his claim for negligence is that "[t]he issue of the lost policy is an act of negligence." *Id.* ¶ 29. And Plaintiff's SAC asserts new claims for declaratory relief, *id.* ¶¶ 60–73, breach of the implied covenant of good faith and fair dealing, *id.* ¶¶ 82–89, "bad faith," *id.* ¶¶ 90–96, and intentional infliction of emotional distress.[3] He requests that the Court "allow [him] to act as a proxy to represent Apple Slice Homes LLC," and seeks punitive damages and attorneys' fees. *Id.* ¶¶ 96(f) & "Prayer for Relief."

On May 27, 2026, Defendant moved to dismiss the SAC—again, except with respect to

---

[3] The Court does not read Mr. Mallikarjun's SAC as asserting a claim for intentional infliction of emotional distress ("IIED") nor does the SAC include an IIED claim among the identified causes of action. Rather, the Court reads the SAC as seeking emotional distress *damages*. *See, e.g.*, SAC ¶ 96(f) ("Plaintiff incurred, and will in the future incur, substantial monetary damages which include . . . emotional distress."). Nonetheless, because Defendant moves to dismiss Mr. Mallikarjun's IIED claim, and Mr. Mallikarjun opposes in kind, the Court addresses the viability of an assumed IIED claim. Whether Mr. Mallikarjun is entitled to recover emotional distress damages in connection with his claim for breach of the Policy is a different question. Because Travelers has not moved to dismiss any claim for emotional distress damages, the Court does not take up that question here. However, it is well-settled that under New York law "a plaintiff cannot, in an action for breach of contract, recover damages for emotional distress." *Fleming v. Allstate Ins. Co.*, 106 A.D.2d 426, 426 (2d Dep't 1984), *aff'd*, 66 N.Y.2d 838 (1985).

Plaintiff's breach of contract claim seeking damages under the Policy to repair his apartment. *See generally* Dkt. Nos. 55 & 56 ("Mem."). Plaintiff filed his opposition on June 18, 2026. *See generally* Opp'n.

## III.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a defendant may move to dismiss a plaintiff's claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations and draws all inferences in the plaintiff's favor. *See Palin v. N.Y. Times Co.*, 940 F.3d 804, 809–10 (2d Cir. 2019) (quoting *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017)); *Chase Grp. All. LLC v. City of N.Y Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court may also consider documents that are "integral to" the complaint, meaning that the complaint relies heavily upon its terms and effects. *Id.* "[E]ven if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Id.* (internal quotation marks omitted) (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Id.* (quoting *Faulkner*, 463 F.3d at 134).

Here, in addition to the well-pleaded facts in the complaint, the Court has also considered the Policy, which Mr. Mallikarjun did not append to his SAC, but which Defendant appended to its declaration in support of its motion to dismiss. Dkt. No. 57-2, Ex. B. The Court considers this document in deciding Defendant's motion to dismiss because the Policy is integral to Mr. Mallikarjun's complaint. The Policy is integral to the SAC because Mr. Mallikarjun asserts a breach of contract claim against Travelers, alleging that Travelers breached the Policy when it disclaimed coverage for any damage resulting from the flood. The Court has also considered the documents Mr. Mallikarjun appended to his opposition to Defendant's motion to dismiss. Dkt. Nos. 59-1 & 59-2.

Because Mr. Mallikarjun is proceeding *pro se*, the Court must liberally construe his submissions and interpret them "to raise the strongest arguments that they suggest." *Triestman v.*

*Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)).  Courts must afford *pro se* plaintiffs "'special solicitude' before granting motions to dismiss . . . ."  *Quadir v. New York State Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)).  However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law."  *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997))).

## IV.    DISCUSSION

Despite the Court's instruction that Mr. Mallikarjun must seek leave prior to adding any new causes of action in any amended complaint, in his SAC, Mr. Mallikarjun asserted a number of new causes of action and seeks new damages.  Op. at 18.  Because Mr. Mallikarjun is proceeding *pro se*, the Court declines to dismiss the new causes of action or strike the new requests for damages merely because Mr. Mallikarjun failed to comply with the Court's order.  Nonetheless, Mr. Mallikarjun's new causes of action fail on the merits and his new requests for damages are not viable under well-settled New York law.  And because Mr. Mallikarjun has not adequately alleged that Travelers owed him an independent duty distinct from its contractual obligations under the Policy, Mr. Mallikarjun's negligence claim must also be dismissed.

### A. Plaintiff Fails to Adequately Plead a Negligence Claim

Mr. Mallikarjun's negligence claim[4] fails for the same reason the Court articulated in its prior opinion, Op. at 10–11—because he does not allege any facts to support the conclusion that Travelers owed him an independent duty distinct from its contractual obligations under the Policy. "Under New York law, a breach of contract will not give rise to a tort claim unless a legal duty independent of the contract itself has been violated." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012) (citing *Clark–Fitzpatrick v. Long Island R.R. Co.,* 70 N.Y.2d 382, 389 (1987)). A plaintiff may bring both a tort and a contract claim only "[w]here an independent tort duty is present." *Id.* (citing *Hargrave v. Oki Nursery, Inc.,* 636 F.2d 897, 898–99 (2d Cir. 1980); *Channel Master Corp. v. Aluminum Ltd. Sales, Inc.,* 4 N.Y.2d 403, 408 (1958)). But where the "basis of a party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking to obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as duplicative." *Id.* (citing *New York Univ. v. Cont'l Ins. Co.,* 87 N.Y.2d 308, 316 (1995)); *see also Royal Park v. Deutsche Bank*, 2016 WL 439020, at *9.

As with his FAC, Mr. Mallikarjun's SAC does not plead any facts to suggest that Travelers owed him an independent duty of care beyond its contractual obligations under the Policy. Mr. Mallikarjun's sole allegation with respect to his negligence claim is that [t]he issue of the lost policy is an act of negligence," and that as a result of the lost policy "the claim processing was delayed without reasoning and the claim denied." SAC ¶¶ 29–30. Mr. Mallikarjun's own allegation as to this alleged "loss" of the Policy underscores that his negligence claim is premised entirely on Travelers's alleged dilatory conduct in processing his insurance claim—the exact conduct by Travelers that underlies his breach of contract claim. *Id.* And in any event, the allegation that the alleged "lost

---

[4] The Court notes that Mr. Mallikarjun does not identify a claim for negligence among the SAC's four identified causes of action.

policy is an act of negligence" is entirely conclusory—nowhere in the SAC does Mr. Mallikarjun allege any facts to support any of the elements of a negligence claim.  Because Mr. Mallikarjun has failed to adequately allege that Travelers owed him a duty distinct from its contractual obligations under the Policy, and because Mr. Mallikarjun's single negligence allegation is purely conclusory, the Court dismisses his negligence claim.

### B.  Plaintiff Fails to Adequately Plead an Independent Cause of Action for Declaratory Relief

Because Mr. Mallikarjun's declaratory judgment claim seeks the same relief as his breach of contract claim, the two claims are duplicative; any ruling on the breach of contract claim would resolve the question of whether the damage to Mr. Mallikarjun's apartment was covered under the Policy and whether Travelers breached the Policy by disclaiming coverage.  The decision whether to grant declaratory relief is subject to the court's discretion, which turns on the following considerations: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty."  *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (citation omitted).  Courts reject declaratory judgment claims "when other claims in the suit will resolve the same issues," because, under such circumstances, a declaratory judgment will not serve any useful purpose.  *EFG Bank AG v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 99 (S.D.N.Y. 2018).  Accordingly, where a claim for declaratory judgment "seeks a declaration of the same rights as will be determined under [a claimant's] action for breach of contract," it is duplicative and may be dismissed.  *Lorterdan Props. at Ramapo I, LLC v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, No. 11-CV-3656, 2012 WL 2873648, at *9 (S.D.N.Y. July 10, 2012) (citation omitted).

In other words, where the plaintiff's rights will be adjudicated through another claim in the litigation, the plaintiff's declaratory judgment claims will be dismissed.  *See Com. Lubricants, LLC v. Safety-Kleen Sys., Inc.*, No. 14-CV-7483, 2017 WL 3432073, at *17 (E.D.N.Y. Aug. 8, 2017) ("Thus,

courts [in this Circuit] routinely dismiss requests for declaratory judgment when the parties' rights will be adjudicated through a breach of contract claim in the same action.") (collecting cases); *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006) ("Plaintiffs' declaratory judgment claim seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action. Therefore, the claim is duplicative in that it seeks no relief that is not implicitly sought in the other causes of action.").

Here, Mr. Mallikarjun's rights under the Policy will be adjudicated through his breach of contract claim, which renders duplicative his claim for declaratory judgment. Mr. Mallikarjun's declaratory judgment claim requests that the Court declare that the "water, mold, and ensuing and resulting losses to the Insured Dwelling were covered under the Policy," and that Travelers's failure to provide coverage for these losses "is a breach of the Policy." SAC ¶¶ 73(a)–(c). Resolving Mr. Mallikarjun's breach of contract claim will plainly resolve these identical issues.[5] As a result, declaratory judgment would not serve any useful purpose here, and Mr. Mallikarjun's claim for declaratory judgment is dismissed.

### C. Plaintiff Fails to Adequately Plead a "Bad Faith" Claim

Mr. Mallikarjun has not adequately pleaded a claim for "bad faith" because New York law does not recognize "an independent cause of action for bad faith denial of insurance coverage." *Woodhams v. Allstate Fire & Cas. Co.*, 748 F. Supp. 2d 211, 223 (S.D.N.Y. 2010), *aff'd*, 453 F. App'x 108 (2d Cir. 2012); *Scottsdale Ins. Co. v. McGrath*, 549 F. Supp. 3d 334, 250 (S.D.N.Y. 2021) ("[T]here is no independent claim available for bad faith denial of insurance coverage."); *Paterra v. Nationwide Mut. Fire Ins. Co.*, 831 N.Y.S.2d 468, 470 (App. Div. 2007); *Cont'l Cas. Co. v. Nationwide Indem. Co.*, 792

---

[5] Mr. Mallikarjun contends that declaratory relief is "necessary to resolve the threshold issue of whether a valid policy existed before the breach of contract trial can proceed." Opp'n at 5. But the Court does not understand Travelers to be disputing the validity or existence of the Policy in this case. In any event, the existence of a valid contract—the first element of a breach of contract claim—will also necessarily be adjudicated through Mr. Mallikarjun's breach of contract claim.

11

N.Y.S.2d 434, 435 (App. Div. 2005) ("[T]here is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance policy."); *see also* Op. at 7 n.6 (citing *New York Univ.*, 87 N.Y.2d at 318–20).

Here, Mr. Mallikarjun's "bad faith" claim is premised on the same allegations underlying his breach of contract claim—that Travelers breached its duty to Plaintiff under the Policy by failing to act reasonably or fairly in the "investigation, evaluation, and settlement" of Plaintiff's claims for reimbursement. SAC ¶¶ 90–96 ("Defendant had no reasonable basis for denying Plaintiff's benefits under the Policy."). Mr. Mallikarjun argues that Travelers breached an independent duty "to conduct reasonable inspections." Opp'n at 3. This argument is not persuasive. Travelers is an insurance company; its obligations flow to holders of its insurance policies. It is not obligated to conduct inspections on uninsured properties—any purported duty to inspect necessarily arises as a result of the existence of valid insurance policy. Accordingly, because New York law does not recognize a separate tort cause of action for bad faith denial of insurance coverage, the Court dismisses Plaintiff's "bad faith" claim.

### D. Plaintiff Fails to Adequately Plead Breach of the Implied Covenant of Good Faith and Fair Dealing

Mr. Mallikarjun has not adequately pleaded a claim for breach of the implied covenant of good faith and fair dealing because his claim for breach of the implied covenant is premised on the same allegations as his claim for breach of the Policy. It is well-settled that "under New York law, 'implicit in every contract is a covenant of good faith and fair dealing . . . which encompasses any promises that a reasonable promisee would understand to be included." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 205 (2d Cir. 2018) (quoting *New York Univ.*, 87 N.Y.2d at 318). The implied covenant of good faith and fair dealing is a pledge that "'[n]either party to a contract shall do anything [that] has the effect of destroying or injuring the right of the other party to receive the fruits of the contract,' or to violate the party's 'presumed intentions or reasonable expectations.'" *Id.*

12

(quoting *M/A–COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990)); *see also Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011) (same).

On the other hand, "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) ("Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." (internal quotation omitted)). Additionally, the implied covenant does not include any obligation "inconsistent with the express terms of the contract," and it "does not extend so far as to undermine a party's general right to act on its own interests in a way that may incidentally lessen the other party's anticipated fruits from the contract." *Roberts v. Weight Watchers Int'l, Inc.*, 217 F. Supp. 3d 742, 752 (S.D.N.Y. 2016), *aff'd*, 712 F. App'x 57 (2d Cir. 2017) (quoting *M/A–COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990) (per curiam)). Nor can the covenant "add to the contract a substantive provision not included by the parties." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199 (2d Cir. 2005) (alterations omitted) (quoting *Geren v. Quantum Chem. Corp.*, 832 F. Supp. 728, 732 (S.D.N.Y. 1993)). Therefore, to plead both a breach of contract claim and an implied-covenant claim, a plaintiff must thread the needle of "alleg[ing] an implied duty that is consistent with the express contractual terms, but base[d] . . . on allegations that are distinct from the factual predicate for its contract claims." *JPMorgan Chase Bank, N.A. v. IDW Grp.*, LLC, No. 08-cv-9116, 2009 WL 321222, at *5 (S.D.N.Y. Feb. 9, 2009).

Mr. Mallikarjun's implied-covenant claim fails to thread the needle. Here, the factual allegations underlying Mr. Mallikarjun's claim for breach of the implied covenant are identical to the factual allegations underlying his claim for breach of the Policy: that "Defendant denied benefits under the Policy that were due to Plaintiff . . . without a reasonable basis," and that as a result of that

denial, Plaintiff suffered damages. *Compare* SAC ¶¶ 82–89 (alleging breach of the implied covenant), *with* ¶¶ 74–81 (alleging breach of contract); *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73 (2d Cir. 2002) (affirming district court's dismissal of the plaintiff's implied covenant claim as duplicative of the plaintiff's claim for breach of the insurance policy); *Hunt Constr. Grp., Inc. v. Berkley Assurance Co.*, No. 21-2532-CV, 2022 WL 17825813 (2d Cir. Dec. 21, 2022) (summary order) (affirming district court's dismissal of an implied covenant claim where the claim was "redundant" of plaintiff's claim for breach of the insurance policy). And Mr. Mallikarjun's requested relief as to both causes of action—apart from the request for consequential damages—is also identical. *Compare* SAC ¶¶ 89(a)–(f) (relief sought with respect to breach of the implied covenant), *with* ¶¶ 81(a)–81(e) (relief sought with respect to breach of contract). Because Mr. Mallikarjun's claim for breach of the implied covenant is premised on the same facts, alleges the same harm, and requests the same relief as his claim for breach of the Policy, the Court dismisses Mr. Mallikarjun's implied covenant claim as duplicative.

### E. Plaintiff Fails to Adequately Plead Intentional Infliction of Emotional Distress

Mr. Mallikarjun has failed to adequately plead an IIED claim because he has not adequately pleaded that Travelers's conduct was sufficiently outrageous. To state a claim for IIED under New York law, a plaintiff must plausibly allege: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122 (2d Cir. 2019). IIED is a "highly disfavored [tort] under New York law." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 1578 (2d Cir. 2014). "Liability has been found only where the conduct [is] so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983) (quoting Restatement

14

(Second) of Torts § 46, comment d)).  The New York Court of Appeals once observed that, of the IIED claims it had considered, "every one ha[d] failed because the alleged conduct was not sufficiently outrageous."  *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 122 (1993) (collecting cases).

Mr. Mallikarjun has not pleaded any conduct by Travelers that meets the "high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress."  *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) (quotation omitted).  Travelers's conduct in "[t]elling a homeowner their policy 'does not exist' while holding internal records proving it did, then using the resulting delay to force the homeowner into foreclosure[6] proceedings," Opp'n at 5, does not rise to the level of "extreme and outrageous conduct" required to adequately plead this "disfavored" tort.  *Conboy v. AT & T Corp.*, 241 F.3d 242, 258–59 (2d Cir. 2001) (dismissing IIED claim for failure to allege sufficiently outrageous conduct because "[p]laintiffs were not physically threatened, verbally abused, or publicly humiliated in any manner"); *MaGee v. Paul Revere Life Ins. Co.*, 954 F. Supp. 582, 587 (E.D.N.Y. 1997) ("[T]his case, at its core, is one for breach of contract based on a failure to pay insurance benefits with an extra twist insofar as the defendant's investigation practices are concerned.  There are no allegations contained in the complaint which, if true, would constitute conduct so outrageous to give rise to a claim for intentional infliction of emotional distress."); *see also Seifts v. Consumer Health Sols. LLC*, 61 F. Supp. 3d 306, 324 (S.D.N.Y. 2014) ("[A]n intentional breach of contract is not 'extreme and outrageous' conduct.").  Accordingly, Mr. Mallikarjun's IIED claim is dismissed.

---

[6] Mr. Mallikarjun's contention that Travelers's delay in processing his insurance claim "force[d] [him] into foreclosure proceedings," Opp'n at 5, is implausible.  The documents appended by Mr. Mallikarjun to his opposition to Defendant's motion to dismiss show that the referenced foreclosure proceedings were initiated on September 20, 2021—over two years before his apartment flooded.  Dkt. No. 50-1 at 14; *see also Wilmington Savings Fund Soc'y, FSB v. Mallikarjun, et al.*, Index No. 850224/2021; Dkt. No. 57-4.

15

### F.  Plaintiff is Not Entitled to Attorneys' Fees

Mr. Mallikarjun seeks reimbursement of "attorney's [sic] fees to prosecute this action."  SAC ¶¶ 88(d), 95 ("The bad faith of Defendant has caused and will cause Plaintiff to incur attorney's [sic] fees and costs in the prosecution of this action.").  At the outset, the Court notes that Mr. Mallikarjun is not an attorney.  And because he is proceeding *pro se*, he has not incurred any attorneys' fees in litigating this action.  Perhaps he has incurred costs in litigating this action *pro se*.  Whether *pro se* or counseled, Mr. Mallikarjun is unable to recover any fees incurred in litigating this action because it is well-established that "[u]nder New York law, 'an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy.'"  *Globecon Grp., LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 177 (2d Cir. 2006) (quoting *New York Univ.*, 87 N.Y.2d at 308).  Because Mr. Mallikarjun brings this suit against Travelers, an insurer, to recover under an insurance contract, attorneys' fees and expenses are not recoverable.  Accordingly, because attorneys' fees are not available in connection with Mr. Mallikarjun's claim for breach of the Policy, the Court strikes his request for attorneys' fees.

### G.  Plaintiff is Not Entitled to Punitive Damages

And Mr. Mallikarjun may not recover punitive damages because this case is "simply a private breach of contract dispute between the insurer[] and [its] insured[] with no greater implications."  *Flores-King v. Encompass Ins. Co.*, 818 N.Y.S.2d 221, 222 (2006).  In order to recover punitive damages arising from a breach of contract, "(1) [the] defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of [an] egregious nature . . . ; (3) the egregious conduct must be directed to [the] plaintiff; and (4) it must be part of a pattern directed at the public generally."  *New York Univ.*, 87 N.Y.2d at 316 (citations omitted).  The independent tort must be "distinct from [the defendant's] contractual obligations."  *Id.*

Mr. Mallikarjun has not alleged any such independent tort, egregious conduct, or any pattern of that conduct directed at the public.  Mr. Mallikarjun argues that he has adequately pleaded an independent tort and an egregious pattern of conduct directed at the public because Travelers "implemented AI-driven metrics . . . specifically to deny or underpay claims."  Opp'n at 4.  This argument is not persuasive.  The use of AI, standing alone, is not actionable as an independent tort.  And, because New York does not recognize the independent tort of bad faith denial of insurance coverage, *New York Univ.*, 87 N.Y.2d at 318–20, "[a] complaint does not state a claim for . . . punitive damages by alleging merely that the insurer engaged in a pattern of bad-faith conduct."  *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 615 (1994) (dismissing claim for punitive damages in case alleging breach of insurance contract where the plaintiff alleged a "pattern of publicly directed . . . 'illegal evasion of insurance claims payment'").  As a result, Travelers's alleged use of AI to deny insurance claims in "bad faith" is also not an independent tort under New York law and a "pattern of misconduct aimed at the public can[not], without more, constitute an independent basis for a punitive damages award."  *Id.*  Accordingly, because punitive damages are not available in connection with Mr. Mallikarjun's claim for breach of the Policy, the Court strikes his request for punitive damages.

### H.  Plaintiff Cannot Assert Claims or Seek Damages on Behalf of Apple Slice Homes

In his SAC, Mr. Mallikarjun requests that the Court "[a]llow [him] to act as a proxy to represent Apple Slice Homes LLC as the sole owner operator of this pass-through LLC."  SAC, Relief Sought ¶ 1.  It is unclear why Mr. Mallikarjun is requesting such relief given that Apple Slice Homes LLC is not a plaintiff in this litigation and Mr. Mallikarjun's SAC does not assert any claims nor seek any damages on behalf of the entity.  But to the extent that he is seeking to pursue claims or seeking damages on behalf of this third-party entity, Mr. Mallikarjun's request suffers from a threshold failure:  Mr. Mallikarjun cannot pursue claims on behalf of Apple Slice Homes LLC as a

nonlawyer proceeding *pro se.*

As the Court explained in both its prior opinion, Op. at 14–15, and during the conference held on May 12, 2026, Mr. Mallikarjun cannot represent his real estate business, Apple Slice Homes LLC, as a nonlawyer proceeding *pro se.* The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Limited liability companies—including a sole-member or solely owned limited liability company, such as Apple Slice Homes LLC—are "distinct legal entit[ies] that [are] separate from their owner[s]." *Id.* at 140 (2d Cir. 2007). As a result, a limited liability company "may appear in federal court *only through a licensed attorney.*" *Lattanzio*, 481 F.3d at 140 (emphasis added); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney).

In other words, Apple Slice Homes LLC must retain an attorney should it wish to appear in this action. And because he is not an attorney, Mr. Mallikarjun cannot assert any claims or seek any damages on behalf of Apple Slice Homes LLC proceeding *pro se.* Accordingly, any request for Mr. Mallikarjun to act as "a proxy" for Apple Slice Homes LLC is denied and Mr. Mallikarjun may not "represent[] all of [Apple Slice Homes LLC] interests" nor seek damages on its behalf. SAC ¶ 28.

## V.    LEAVE TO AMEND

The Court denies Plaintiff leave to amend his claims for negligence, intentional infliction of emotional distress, declaratory relief, and "bad faith." District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861

F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Nevertheless, leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam).  "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim . . . ."  *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).  "[R]epeated failure to cure deficiencies by amendments previously allowed" warrants denial of leave to amend.  *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019).

No amendment can cure the deficiencies identified with respect to Mr. Mallikarjun's claims for declaratory relief, bad faith, or IIED.  First, because New York does not recognize a cause of action for "bad faith" denial of insurance coverage, Mr. Mallikarjun cannot cure the deficiencies with respect to the bad faith claim by repleading.  Second, because the only declaratory relief Mr. Mallikarjun requests is a declaration that Defendant's conduct was a breach of the Policy, Mr. Mallikarjun also cannot cure the deficiencies with respect to his claim for declaratory relief by repleading.  Third, the Court notes that Mr. Mallikarjun's IIED claim is not implicit in the complaint.  And in any event, this is a simple breach of contract case.  Given the high standard for pleading a claim for IIED, and given that no facts in the multiple iterations of Mr. Mallikarjun's

19

complaint suggest that he could allege facts to meet the high threshold for adequately pleading a claim for IIED, Mr. Mallikarjun cannot cure the deficiencies identified in this opinion by repleading. Accordingly, any amendment of Plaintiff's bad faith, declaratory relief, and IIED claims would be futile.

The Court also denies Ms. Mallikarjun leave to amend his negligence claim. Mr. Mallikarjun has now had an opportunity to allege additional facts to adequately plead a claim for negligence with the benefit of a ruling from the Court identifying the deficiencies with that claim. Yet Mr. Mallikarjun's SAC did not allege any additional facts to support a negligence claim. And with respect to his claim for IIED, the claim is not implicit in the SAC in the first instance. Accordingly, the Court will not grant Mr. Mallikarjun leave to amend his negligence claim.

The Court cannot conclude however that amendment of Plaintiff's good faith and fair dealing claim would be futile. Mr. Mallikarjun could potentially allege additional facts to support the conclusion that Travelers breached the implied-covenant in a manner distinct from its alleged breach of the Policy itself. And Mr. Mallikarjun has not yet had the opportunity to amend any implied-covenant claim with the benefit of a ruling from the Court. For these reasons, the Court cannot conclude that any amendment of Mr. Mallikarjun's claim for breach of the implied covenant of good faith and fair dealing would be futile.

## VI.    CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's negligence, declaratory relief, intentional infliction of emotional distress, and bad faith claims are dismissed with prejudice and without leave to amend. Plaintiff is granted leave to file an amended complaint only to add new facts that will correct the deficiencies identified with respect to his claim for good faith and fair dealing. Plaintiff is directed that he cannot add any new claims to any

amended complaint without prior leave from the Court. Any amended complaint must be filed no later than fourteen days from the entry of this order.

The Court requests that counsel for Defendant provide Plaintiff with copies of unpublished cases cited in this decision pursuant to Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 7.2.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate the motion pending at Dkt. No. 55 and to mail a copy of this opinion to Plaintiff by certified mail.

SO ORDERED.

Dated: June 23, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge